**Shirley L. WOLF, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A02–0302–CR–145.**

Court of Appeals of Indiana.

Aug. 19, 2003.

John T. Wilson, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Shirley L. Wolf pled guilty to Count I, operating a vehicle after lifetime suspension, a Class C felony;[1] Count II, false informing, a Class A misdemeanor;[2] Count III, operating a vehicle while intoxicated endangering a person, a Class A misdemeanor;[3] Count IV, operating a vehicle with a BAC of .15 or more, a Class A misdemeanor;[4] and Count V, operating a vehicle while intoxicated, a Class D felony.[5]

The trial court sentenced Wolf to eight years on Count I, one year on Count II, one year on Count III, one year on Count IV, and three years on Count V. The sentences were to run concurrently and to be served in the Department of Correction.

1.  Ind.Code § 9–30–10–17.

2.  Ind.Code § 35–44–2–2(c)(1).

3.  Ind.Code § 9–30–5–2(a).

4.  Ind.Code § 9–30–5–1(b).

5.  Ind.Code § 9–30–5–3.

Wolf appeals her sentence, raising two issues:

1.  Whether the trial court improperly ordered her incarcerated; and

2.  Whether her sentence is inappropriate in light of her character and the nature of the offense.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 19, 2002, Anderson police officer Mike Lee observed Wolf driving a van at a high rate of speed. Wolf failed to stop for a red light, causing another vehicle to brake to avoid a collision. Officer Lee stopped Wolf, at which time Wolf identified herself as Rebecca Borton. Officer Lee smelled alcohol on Wolf's breath and saw a beer bottle and a beer can in the van. Wolf's speech was slurred and her eyes were bloodshot. After Wolf failed several field sobriety tests, Officer Lee arrested her. A Breathalyzer test indicated Wolf's blood alcohol level was .18%.

## DISCUSSION AND DECISION

1.  *Incarceration*

█ Wolf argues "the Trial Court violated her fundamental right to liberty under **Article I, Section I of the Indiana Constitution** when it revoked her Probation[6] without considering alternatives to incarceration." (Br. of Appellant at 6) (emphasis in original).

6.  Wolf's counsel makes no reference to "probation" in either the Statement of the Facts or Statement of the Case sections of Wolf's brief. Nor does the record reflect there was any revocation of probation with respect to Wolf's current offenses. We must presume Wolf's contention is that she should not have been ordered incarcerated for the full eight-year term.

We will review a trial court's sentencing decision only for an abuse of discretion. *Martin v. State*, 784 N.E.2d 997, 1010 (Ind.Ct.App.2003), *reh'g denied.* More specifically, consideration and imposition of alternatives to incarceration is a "matter of grace" left to the discretion of the trial court. *Million v. State*, 646 N.E.2d 998, 1001–02 (Ind.Ct.App.1995).

Wolf contends the trial court abused its discretion in not following the recommendations of Rick Long, a clinical therapist and sentencing consultant who testified at Wolf's sentencing hearing. Long testified that Wolf suffered from substance abuse and post-traumatic stress disorder. He suggested that "with what ever level of [sic] degree of incarceration or sentence that comes from [this case], that it be involving a[sic] substance abuse treatment facility." (Tr. at 27.) Long recommended either work release or in-home detention.

We note initially that because of Wolf's prior criminal history, two years of her sentence could not be suspended.[7] Wolf had been on in-home detention before, but the in-home detention had been revoked on March 4, 1998. Based on Wolf's extensive criminal history, her previous failure at in-home detention and the facts of the current crimes, we cannot say the trial court abused its discretion in ordering Wolf incarcerated.

### 2. *Inappropriate Sentence*

Wolf next contends "a maximum sentence should be reserved for the very worst offenders and not for someone who is in need of substance abuse and mental health treatment." (Br. of Appellant at 7) (citation omitted).

A sentence that is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Kien v. State*, 782 N.E.2d 398, 416 (Ind.Ct.App.2003), *reh'g denied, trans. denied.* When considering the appropriateness of the sentence for the crime committed, the sentencing court should focus initially on the presumptive sentence. *Id.* It may then consider deviation from the presumptive sentence based on a balancing of the factors that must be considered pursuant to Ind. Code § 35–38–1–7.1(a)[8] together with any discretionary aggravating and mitigating factors found to exist. *Id.*

Wolf does not argue that the trial court erroneously determined her extensive criminal history was an aggravator, or that the trial court improperly failed to find

---

7. When a defendant commits a Class C felony and less than seven years have elapsed since the defendant was discharged for a prior unrelated felony, the trial court is required to order at least two years of the sentence be executed. Ind.Code §§ 35–50–2–2(b)(2); 35–50–2–1(c)(4).

8. That section provides:
   (a) In determining what sentence to impose for a crime, the court shall consider:
   (1) the risk that the person will commit another crime;
   (2) the nature and circumstances of the crime committed;
   (3) the person's:
   (A) prior criminal record;
   (B) character; and

(C) condition;
(4) whether the victim of the crime was less than twelve (12) years of age or at least sixty-five (65) years of age;
(5) whether the person committed the offense in the presence or within hearing of a person who is less than eighteen (18) years of age who was not the victim of the offense;
(6) whether the person violated a protective order issued against the person under IC 31–15, IC 31–16, or IC 34–26–5 (or IC 31–1–11.5, IC 34–26–2, or IC 34–4–5.1 before their repeal); and
(7) any oral or written statement made by a victim of the crime.

mitigating factors. Instead, she argues that her sentence was inappropriate in light of the nature of the offense and her character.

### A. *Nature of the Offense*

■ Wolf was arrested after driving a van at high speed down a busy street, running a red light and almost causing an accident. She had a blood alcohol content of .18%—over twice the legal limit. She initially lied to the police, giving a false name. She told a probation officer her version of what occurred:

> I was at a friend's house. He asked me if I wanted a margarita. I said no at first because I wasn't going to drink. When I finally said yes, one drink led to another.
>
> I wanted to get some money, so I asked a guy to borrow his van and he gave me his keys. I told the police I was Rebecca Borton (defendant's sister) because I was afraid I would go back to prison. After I was in jail for a while, I told them who I was.

(App. at 26.)

We cannot say the trial court abused its discretion in imposing the maximum sentence based on the nature of the offense. Wolf notes that no one was injured during the commission of her crimes. However, the nature of this offense—driving at a high rate of speed on a busy street while intoxicated, running a red light, and almost causing an accident—does not support a reduction of Wolf's sentence.

### B. *Character of the Offender*

■ Wolf argues she is not within the category of "very worst ... offenders" for whom the maximum sentence is appropriate, *Buchanan v. State*, 699 N.E.2d 655, 657 (Ind.1998), and asserts she needs substance abuse and mental health treatment more than she deserves incarceration. Wolf's criminal history indicates otherwise.

In 1982 Wolf was convicted of theft, a Class D felony. In 1989 she was convicted of driving while intoxicated. In 1990, she was again convicted of driving while intoxicated and of two counts of public intoxication. In 1991 she was convicted of operating a vehicle while intoxicated and false informing. In 1994 she was convicted of public intoxication, operating a vehicle while intoxicated and operating a vehicle without financial responsibility. In 1995 she was convicted of possession of marijuana and public intoxication. In the first three months of 1996, she was convicted of three counts of driving while intoxicated. In 1997 she was convicted of escape after she failed to return to lawful detention, a Class D felony. Her in-home detention was revoked March 4, 1998. In 1999, she was convicted of operating a vehicle after being adjudged an habitual traffic violator and her probation was revoked.

There is no question that Wolf would benefit from substance abuse treatment. However, given Wolf's character as reflected by her significant criminal history, most of which involves the abuse of alcohol, and her failure to abide by the terms of her in-home detention and probation, we cannot say the trial court abused its discretion in ordering Wolf to serve the maximum sentence.

Affirmed.

MATHIAS and KIRSCH, JJ., concur.