**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 09 2013, 9:54 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1305-CR-205 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Bob A. Witham, Judge
Cause No. 33C03-1303-FD-79

**December 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Joshua Wilson ("Wilson") appeals his sentence following his guilty plea to Class D felony theft[1] and Class B misdemeanor criminal mischief.[2]

We affirm.

## ISSUE

Whether the trial court abused its discretion when sentencing Wilson.

## FACTS[3]

On January 25, 2013, while an incarcerated in the Henry County Jail, Wilson exerted unauthorized control over a metal bar from a jail weight machine and damaged the weight machine. The day before these offenses, the trial court had revoked Wilson's probation on a prior Class D felony theft conviction and ordered him to serve the remainder of his suspended sentence in the jail. Wilson's theft probation was revoked after he pled guilty to Class A misdemeanor domestic battery, Class B misdemeanor public intoxication, and Class B misdemeanor disorderly conduct and was sentenced to 360 days in jail. Wilson also had prior adult convictions for the misdemeanor offenses of public intoxication, contributing to the delinquency of a minor, trafficking with an inmate, operating a vehicle while intoxicated, and illegal consumption of alcohol, as well as juvenile adjudications for theft and illegal consumption of alcohol.

---

[1] Ind. Code § 35-43-4-2(a).

[2] I.C. § 35-43-1-2(a)(1).

[3] We note that the copies of Wilson's Brief of Appellant are missing page 3, which contained his Statement of Facts section. The original of Wilson's brief does, however, contain page 3.

On March 1, 2013, the State charged Wilson with Class D felony theft and Class B misdemeanor criminal mischief. On March 8, 2013, Wilson pled guilty as charged. The trial court held a sentencing hearing on April 8, 2013. During the sentencing hearing, Wilson asked the trial court "if [he] could get daily reporting or something." (Tr. 9). He told the trial court that he "did a substance abuse class at the jail" and that, when he got out of jail, he was planning to try to find a sponsor, enroll in Ivy Tech, and live with his grandmother. (Tr. 9). The trial court determined that Wilson's guilty plea and acceptance of responsibility was a mitigating circumstance. The trial court found that Wilson's prior criminal history and his recent violation of probation were aggravating circumstances that outweighed the mitigating circumstance. The trial court imposed a sentence of two (2) years for Wilson's Class D felony theft conviction and did not enter a sentence for his Class B misdemeanor criminal mischief conviction. The trial court ordered Wilson to serve his two-year sentence in the Department of Correction and ordered that it be served consecutively to his sentence from his prior theft conviction. Wilson now appeals.

## DECISION

Wilson argues that the trial court abused its discretion when sentencing him. Specifically, Wilson contends that the trial court erred by failing to consider his guilty plea as a "significant" mitigating circumstance and that the trial court should have considered an alternative to incarceration. (Wilson's Br. 5).

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).

3

So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91. "'[T]he trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence" and thus "a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors.'" *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012) (quoting *Anglemyer*, 868 N.E.2d at 491).[4]

We first turn to Wilson's contention that the trial court should have "accorded significant mitigating weight" to his guilty plea. (Wilson's Br. 7). This argument is nothing more than a challenge to the weight the trial court gave to this mitigator, which is not reviewable on appeal. *See Anglemyer*, 868 N.E.2d at 491 (explaining that the relative weight assigned to aggravators and mitigators is not subject to appellate review).

Next, we address Wilson's argument that the trial court abused its discretion by not considering alternative placement such as community corrections. "[A] defendant is

---

[4] We specifically direct Wilson's counsel to take note of the proper standard of review as he cites to the "presumptive" sentence instead of the "advisory" sentence and relies on pre-*Anglemyer* cases in his brief.

4

not entitled to serve his sentence in a community corrections program[.]" *Million v. State*, 646 N.E.2d 998, 1001–02 (Ind. Ct. App. 1995). The "consideration and imposition of alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Wolf v. State*, 793 N.E.2d 328, 330 (Ind. Ct. App. 2003) (quoting *Million*, 646 N.E.2d at 1001–02). Given Wilson's criminal history and the fact that he committed this current offense while incarcerated in the Henry County Jail after he violated his probation on his prior theft conviction, we conclude that the trial court did not abuse its discretion by ordering incarceration instead of community corrections. *See, e.g.*, *Wolf*, 793 N.E.2d at 330 (affirming the trial court's decision to order defendant to incarceration). Accordingly, the trial court did not abuse its discretion when sentencing Wilson.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.