## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.


FILED
Jun 03 2015, 6:27 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Deputy Public Defender
Leonard, Hammond, Thoma, & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fred R. Morris, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | June 3, 2015 <br><br> Court of Appeals Case No. 02A04-1410-CR-506 <br><br> Appeal from the Allen Superior Court <br> The Honorable Frances C. Gull, Judge <br> Cause No. 02D05-1402-FC-41 |

**Bradford, Judge.**

## Case Summary

[1]      Appellant-Defendant Fred Morris, Jr., was convicted of Class C felony carrying a handgun without a license and Class D felony dealing in a synthetic drug or

synthetic drug lookalike substance. Morris was sentenced to an aggregate term of six years of incarceration. Morris appeals his sentence, arguing that the trial court abused its discretion for failing to consider mitigating factors or alternatives to incarceration. Morris also argues that his sentence is inappropriate in light of the nature of his offenses and his character. We disagree and affirm the Morris's sentence.

## Facts and Procedural History

[2] On the night of February 3, 2014, Fort Wayne Police Officer Cameron Norris performed a traffic stop on a 2002 Ford Explorer for failing to have its taillights illuminated. Adonis Robinson was driving the vehicle and Morris was riding in the front passenger seat. Both Robinson and Morris quickly exited the vehicle and Robinson told Officer Norris that he did not have a valid driver's license and that there was no insurance on the vehicle. Upon looking in the vehicle, Officer Norris noticed a large clear plastic bag containing a light colored leafy substance on the front passenger floor board. The bag was later found to contain 81.84 grams of synthetic marijuana substance.

[3] After placing Robinson and Morris in handcuffs, Officer Norris searched the vehicle and found a loaded handgun underneath the front passenger seat. After checking its serial number, officers learned that the gun had been reported stolen by its owner in 2008. Officer Norris also found a box of plastic sandwich bags in the glove compartment.

[4] Appellee-Plaintiff the State of Indiana ("the State") charged Morris with Class C felony carrying a handgun without a license[1] and Class D felony dealing in a synthetic drug or synthetic drug lookalike substance. On September 16, 2014, a jury found Morris guilty as charged. Morris was subsequently sentenced to six years for carrying a handgun without a license and two years for dealing in a synthetic drug to be served concurrently.

# Discussion and Decision

[5] On appeal, Morris claims that (1) the trial court abused its discretion during sentencing for failing to recognize mitigating factors or considering alternatives to incarceration, and (2) that his sentence is inappropriate in light of the nature of the offenses and his character.

# Abuse of Discretion

[6] "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable,

---

[1] The charge of carrying a handgun without a license was elevated to a Class C felony based on Morris's prior felony conviction for possession of cocaine or narcotic drug. (App. 13)

probable, and actual deductions to be drawn therefrom.'" *Id*. (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence— including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law.

*Id*. at 490-91.

Morris claims that the trial court abused its discretion for failing to identify as mitigating factors Morris's employment history and that his incarceration would cause undue hardship on Morris's dependent children. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id*. at 493 (citing *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999)). However, the trial court is not required to explain why it has declined to recognize a particular factor as mitigating. *Id*. We do not think that either proffered mitigating circumstance is significant or supported by the record.

First, the vast majority of able-bodied adults are employed and, as such, simply maintaining employment is not a significant mitigating circumstance. This court has previously addressed Morris's argument and found that, "[m]any people are gainfully employed such that this would not require the trial court to note it as a mitigating factor or afford it the same weight as [Defendant]

proposes." *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003). As such, it was not an abuse of discretion for the trial court to decline to accept Morris's work history as a mitigating factor.

[9] Second, the record does not clearly support Morris's claim that extended incarceration would cause *undue* hardship on his dependent children. "'Many persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship.'" *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). Morris argues that "the record was clear that Mr. Morris had two (2) minor children and a third child on the way. In fact, Mr. Morris was ordered to pay weekly child support in the amounts of Eighty Dollars ($80.00) and One Hundred Fifteen Dollars ($115) respectively." Appellant's Br. p. 11. However, both of Morris's children live with their mothers, neither of whom testified at trial that Morris's incarceration would create any hardship on the children. Even assuming Morris was in fact paying on his child support obligations—of which there is no evidence on the record—we find that Morris has failed to establish that the proffered mitigating circumstance is significant and clearly supported by the record.

[10] Morris also briefly argues that the trial court abused its discretion by failing to consider alternatives to incarceration. "[C]onsideration and imposition of alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Wolf v. State*, 793 N.E.2d 328, 330 (Ind. Ct. App. 2003) (citing *Million v. State*, 646 N.E.2d 998, 1001-02 (Ind. Ct. App. 1995)). Morris has

been granted the benefit of alternatives to incarceration in the past and has failed to show that he will respond positively to those alternatives. In 2006, Morris was convicted of Class D felony possession of cocaine and in 2008, Morris was convicted of possession of marijuana. In both cases, the trial court suspended Morris's entire sentence. Despite this leniency, Morris continued to engage in criminal activity and was subsequently convicted of four misdemeanor offenses—conversion and driving while suspended in 2011, and false informing and driving while suspended in 2012—before ultimately committing the instant offenses. Finally, we note that Morris was not eligible for a completely suspended sentence due to his prior felony conviction. Pursuant to Indiana Code section 35-50-2-2(b)(2), the minimum sentence Morris could receive was a two year executed term.[2] In light of these facts, we do not think the trial court abused its discretion for declining to suspend a portion of Morris's sentence.

## Appropriateness of Sentence

[11] Appellate Rule 7(B) provides that the "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Sentence review under Appellate Rule 7(B) is very

---

[2] Indiana Code section 35-50-2-2(b)(2) provided that the trail court was only allowed to suspend that part of the sentence in excess of the minimum sentence due to the fact that Morris had an unrelated felony conviction within seven years of his commission of the instant crime.

deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Morris carries the burden of proving that his sentence is inappropriate. *Id.*

[12] With regards to the nature of the offenses, Morris was in possession of a substantial amount of synthetic marijuana—nearly a quarter pound—as well as a box of plastic sandwich bags and a loaded handgun. In short, we may reasonably infer that Morris was an armed drug dealer practicing his trade.

[13] Morris's character is evidenced by his criminal history, which includes four misdemeanors and a felony conviction in the eight years preceding his commission of the instant offenses. Additionally, in 2004, when Morris was a juvenile, he was placed on a program of informal adjustment after being charged with disorderly conduct.

[14] As we stated above, Morris was not eligible to have the entirety of his sentence suspended. The permissible range of his sentence was two to eleven years. Morris's six-year sentence is approximately in the middle of this range and certainly far from the maximum sentence. Based on the nature of Morris's offenses and on his criminal history, we cannot say that Morris's six-year sentence is inappropriate.

[15] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J., concur.