## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 10 2017, 10:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scott A. Estep,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 10, 2017

Court of Appeals Case No.
02A04-1608-CR-1916

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Judge

Trial Court Cause No.
02D04-1605-F5-139

**Crone, Judge.**

# Case Summary

A jury found Scott A. Estep guilty of committing level 5 felony battery against his girlfriend. Estep now appeals, claiming that the trial court erred in admitting evidence of a prior battery against his girlfriend. He also claims that his six-year sentence is inappropriate in light of the nature of the offense and his character. We conclude that the trial court did not err in admitting the evidence and that Estep has failed to establish that his sentence is inappropriate. Therefore, we affirm.

# Facts and Procedural History

Estep lived with his girlfriend Maria Nieves in an upstairs apartment in Fort Wayne. They had dated for two or three years, and they drank and argued a lot. On May 3, 2016, Estep and Nieves drank beer all day in their apartment with their downstairs neighbor, Dianna Buchwald. Estep and Nieves started arguing and pushing and shoving each other. Buchwald said that she was going to leave and picked up her cell phone. Estep said, "[Y]ou're not gonna be calling the cops," and slammed the phone down, breaking the screen. Tr. at 46. Buchwald went downstairs to her apartment. Nieves called 911. Officer Sage Kopp arrived and observed that Nieves was crying and upset but had no visible injuries. The officer left.

Less than half an hour later, Buchwald heard a "tussle upstairs." *Id*. at 43. Nieves came down to Buchwald's apartment and was crying and "having a hard time breathing." *Id*. at 44. According to Buchwald, Nieves was "[r]eally

super upset" and "had red marks on her." *Id*. Buchwald called 911. Officer Kopp arrived and observed that Nieves was "much more upset" and had "some marks on her that […] looked fresh and were starting to become more noticeable." *Id*. at 55. Nieves was also crying "uncontrollably." *Id*. Officer Kopp took photos of Nieves's injuries. Officer Randy Miller arrested Estep.

[4] The State charged Estep with battery, resisting law enforcement, and interference with the reporting of a crime. The State filed a notice of intent to introduce evidence of Estep's prior batteries against Nieves in April 2013 and June 2015 pursuant to Indiana Evidence Rule 404(b), asserting that the evidence was "relevant and material" to the issues of "[k]nowledge, motive, intent, preparation, plan, identity, relationship between the parties, and/or absence of mistake." Appellant's App. at 21. After a hearing, the trial court ruled that evidence regarding the June 2015 battery would be admissible "on the issue of the nature of the relationship between" Estep and Nieves and that evidence regarding the April 2013 battery would not be admissible because the incident was too remote. *Id*. at 25.

[5] A jury trial was held on June 30, 2016. Estep raised a continuing objection to any evidence of prior batteries. Nieves testified that she and Estep were "drunk" and "arguing" and "shov[ed] each other back and forth" during the May 3 incident. Tr. at 25, 26. She also testified that Estep "wouldn't intentionally hurt [her] per se" and that he did not punch or slap or choke her on May 3. *Id*. at 28, 39. Over Estep's hearsay objection, Buchwald testified that Nieves told her that Estep "was throwing her around and hitting her" on

May 3. *Id*. at 46. Over another hearsay objection, Officer Miller testified that Nieves told him that Estep had "grabbed [her] by the shirt and hit [her] in the chest[.]" *Id*. at 71.[1] Without objection, the State offered into evidence Officer Kopp's photos of Nieves's injuries.

[6] Finally, Officer Trevon Brown testified that he was dispatched to Estep and Nieves's apartment on June 24, 2015. According to the officer, Nieves was "crying, upset, and injured" and told him that Estep "had assaulted her in the home and then he had left." *Id*. at 85, 86. Officer Brown testified that Nieves "had various bruises in various stages of healing across her body" and "some very recent injury to her mouth," which was bleeding. *Id*. at 87. The trial court instructed the jury that the evidence of the prior battery "has been admitted solely on the issue of the relationship of the parties. It should be considered by you only for the limited purpose for which it was received and should not be considered on the ultimate issue of guilt or innocence of [Estep] on these charges." *Id*. at 91-92.

[7] In a bifurcated proceeding, the jury found Estep guilty of battery and not guilty of the other charges. The jury then found that Estep had a prior conviction for battering Nieves, which elevated the offense to a level 5 felony. The trial court sentenced Estep to six years executed. This appeal followed.

---

[1] Nieves's statements to Buchanan and Officer Miller were admitted as excited utterances under Indiana Evidence Rule 803(2). Estep does not challenge their admissibility on appeal.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in admitting evidence regarding Estep's prior battery of Nieves.

Estep first contends that the trial court erred in admitting Officer Brown's testimony regarding his June 2015 battery of Nieves. The admission of evidence is within the trial court's discretion. *Scisney v. State*, 55 N.E.3d 321, 323 (Ind. Ct. App. 2016), *trans. denied*. "We will reverse a ruling on the admission of evidence only for an abuse of that discretion, which occurs only when the ruling is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Id*.

The challenged testimony was admitted pursuant to Evidence Rule 404(b), which provides in pertinent part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The rule's "list of permissible purposes is illustrative but not exhaustive." *Vermillion v. State*, 978 N.E.2d 459, 463 (Ind. Ct. App. 2012). In assessing the admissibility of Rule 404(b) evidence, the court must determine that it is relevant to a matter at issue other than the defendant's propensity to commit the charged act and then balance its probative value against its prejudicial effect pursuant to Evidence Rule 403. *Ortiz v. State*, 716 N.E.2d 345, 350 (Ind. 1999). Evidence Rule 401 provides that evidence is relevant if it "has

any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Evidence Rule 403 provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice[.]"

[10] Our supreme court has stated that evidence of a defendant's prior actions with respect to the victim is "usually admissible to show the relationship between the two[,]" *id*., which was the basis for the admission of the prior battery evidence in this case. Estep first contends that the relevance of the prior battery is "insignificant" because it "occurred almost a full year before the charged offense." Appellant's Br. at 14. Estep cites no authority to support this contention. In any event, the relevance of the June 2015 battery was far more significant than that of the April 2013 battery, which the trial court excluded as being too remote.

[11] Estep also suggests that the prior battery evidence was irrelevant because "there was no dispute that [he] and Ms. Nieves were in an intimate relationship." *Id*. at 15. Although the existence of their intimate relationship was undisputed, the nature of the relationship was another matter entirely. Nieves acknowledged that she and Estep drank and argued frequently and engaged in mutual pushing and shoving, but she claimed that he "wouldn't intentionally hurt [her] per se." Tr. at 28. This left a false impression with the jury, and the evidence of the prior battery was relevant to rebut this falsehood. *Cf. Davis v. State*, 907 N.E.2d 1043, 1055 (Ind. Ct. App. 2009) (noting that otherwise inadmissible evidence may become admissible where defendant "opens the door" to questioning on

that evidence by leaving trier of fact with false or misleading impression of facts).

[12] Finally, Estep complains that the evidence regarding the prior battery "had great prejudicial effect" because Nieves was "the only person who had personal knowledge of what occurred to her" and the other witnesses "all testified to statements given to them by [her]." Appellant's Br. at 15. We have stated that "[a]ll evidence that is relevant to a criminal prosecution is inherently prejudicial; thus proper inquiry under Evidence Rule 403 boils down to a balance of the probative value of the proffered evidence against the likely unfair prejudicial impact of that evidence." *Fuentes v. State*, 10 N.E.3d 68, 73 (Ind. Ct. App. 2014), *trans. denied*. "When determining the likely unfair prejudicial impact, courts will look for the dangers that the jury will substantially overestimate the value of the evidence or that the evidence will arouse or inflame the passions or sympathies of the jury." *Id*. In this case, the trial court minimized those dangers by giving the aforementioned limiting instruction to the jury. "When a limiting instruction is given that certain evidence may be considered for only a particular purpose, the law will presume that the jury will follow the trial court's admonitions." *Ware v. State*, 816 N.E.2d 1167, 1176 (Ind. Ct. App. 2004). Under these circumstances, we cannot conclude that the

trial court abused its discretion in admitting the prior battery evidence.[2] Therefore, we affirm Estep's conviction.

## Section 2 – Estep has failed to establish that his sentence is inappropriate.

[13] Estep also asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of appellate review is to leaven the outliers, not to achieve the perceived correct result in each case. *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015). The question is not whether another sentence is more appropriate but whether the sentence imposed is inappropriate. *Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015). The defendant bears the burden of persuading us that his sentence is inappropriate. *Prater v. State*, 59 N.E.3d 314, 318 (Ind. Ct. App. 2016).

[14] "The advisory sentence is the starting point the legislature selected as an appropriate sentence for the crime committed." *Blair v. State*, 62 N.E.3d 424, 430 (Ind. Ct. App. 2016). Estep committed battery with a prior battery conviction against the same person, which is a level 5 felony. Ind. Code § 35-

---

[2] Notwithstanding, any error in admitting the evidence could only be considered harmless given Nieves's statements to Buchanan and Officer Miller that Estep battered her, Officer Kopp's photos of Nieves's injuries, and Officer Kopp's testimony that no such injuries were visible during her first visit to the apartment.

42-2-1(g)(4)(A). The sentencing range for a level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Battery is the knowing or intentional touching of another person in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(c)(1). At trial and at the sentencing hearing, the State presented evidence that a drunk and argumentative Estep grabbed and hit Nieves approximately one month after he finished serving his sentence for battering her in June 2015. Nieves's injuries may not have been serious, but the timing of the offense certainly supports a sentence above the advisory term.

[15] The timing of the offense is also indicative of Estep's character as a career criminal who has made no efforts to reform his behavior after numerous encounters with the justice system in five Indiana counties. Since 1985, fifty-one-year-old Estep has accumulated a staggering twenty-seven misdemeanor convictions (including criminal conversion, criminal mischief, criminal trespass, battery, marijuana possession, public intoxication, operating while intoxicated, and resisting law enforcement) as well as five felony convictions (including cocaine possession, escape, failure to return to lawful detention, and battery). He has had three suspended sentence modifications and one probation revocation, and he has received substance abuse evaluation and counseling that obviously failed to have an impact on him. This is his third conviction for battering Nieves, and at the time of his arrest a 2011 warrant remained pending for failure to appear for a pretrial conference on three misdemeanor charges. Estep notes that his most serious prior offense was a level 6 felony, and he

argues that he is not "the 'worst of the worst' of offenders deserving of the maximum sentence." Appellant's Br. at 17. The sheer number of his prior convictions, his serial battering of his girlfriend, and his failure to respond to judicial leniency all demonstrate otherwise. Estep has failed to persuade us that his sentence is inappropriate, and therefore we affirm it.

Affirmed.

Riley, J., and Altice, J., concur.