## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2018, 6:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Laura A. Raiman
R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jaedyn L. Clayburn,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 12, 2018

Court of Appeals Case No.
03A01-1710-CR-2500

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1703-F6-1707

**Najam, Judge.**

# Statement of the Case

Jaedyn L. Clayburn appeals the extension of her probationary term following her conviction for operating a vehicle while intoxicated, as a Class A misdemeanor, and her sentence following her conviction for theft, as a Class A misdemeanor. Clayburn raises two issues for our review, which we restate as follows:

> 1. Whether the trial court abused its discretion when, as a penalty for Clayburn's violation of probation, the court extended her probationary term.
>
> 2. Whether her sentence for theft is inappropriate in light of the nature of the offense and her character.

We affirm.

# Facts and Procedural History

On February 16, 2016, Gethin Thomas, Clayburn's stepfather, filed a police report in which he indicated that a ring worth $5,000 and a watch valued at approximately $3,500 had been stolen from his residence on February 15. Thomas stated that he suspected Clayburn had stolen the items.

Detective Chad Swank with the Bartholomew County Sheriff's Office investigated the case. After several unsuccessful attempts by Detective Swank to contact Clayburn, on September 16, Clayburn went to the Bartholomew County Sheriff's Office and spoke with Detective Swank. Clayburn admitted that she had stolen two televisions, a ring, and a watch. She also admitted that

she had stolen two diamond bracelets. As a result, the State charged her with one count of theft, as a Level 6 felony, in Cause Number 03D01-1703-F6-1707 ("F6-1707").

[5] On September 26, the State charged Clayburn with one count of operating a vehicle while intoxicated, as a Class A misdemeanor, and one count of operating a vehicle with a schedule I or II controlled substance or its metabolite in the body, as a Class C misdemeanor, in cause number 03D01-1609-CM-5260 ("CM-5260"). In that cause, Clayburn pleaded guilty to Count 1, operating a vehicle while intoxicated, as a Class A misdemeanor, and the trial court sentenced her to a one-year term suspended to probation. As a condition of probation, Clayburn was prohibited from using drugs or alcohol. The court also ordered Clayburn to obtain a substance abuse evaluation and to follow the recommendations of the evaluation. Thereafter, Clayburn pleaded guilty to theft, as a Class A misdemeanor, in F6-1707, and the trial court took her guilty plea under advisement.

[6] The next day, the State filed a petition to revoke Clayburn's probation in CM-5260. In its petition, the State alleged that Clayburn had violated her probation because she had failed to comply with the recommended substance abuse treatment and because she had tested positive for marijuana.[1]

---

[1] The State also alleged that she had failed to pay costs and fees, but the State later withdrew that violation.

[7]     On September 26, the trial court held a sentencing hearing in F6-1707 and a hearing on the petition to revoke Clayburn's probation in CM-5260. The trial court accepted Clayburn's guilty plea in F6-1707 and sentenced her to one year suspended to probation. Also during the hearing, Clayburn admitted that she had violated her probation as alleged in CM-5260. As a result, the trial court extended the term of Clayburn's probation in CM-5260 by six months and ordered that term to be served consecutive to her sentence in F6-1707. This appeal ensued.

# Discussion and Decision

### Issue One: Probation Extension in CM-5620

[8]     Clayburn first contends that the trial court abused its discretion when it extended the term of her probation in CM-5260 by six months. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). The conditions for probation and whether to revoke that probation when those conditions are violated are left to the discretion of the trial court. *Id*.

> If the trial court determines that a probationer has violated a condition of probation . . . the court may impose one (1) of more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h) (2018). "We review a court's sentencing decisions for probation violations for an abuse of discretion." *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

[9] Here, Clayburn asserts that the trial court abused its discretion when it extended the term of her probation because the probation violations were "relatively minor" and because the extension of her probation represents an undue hardship due to the "extraordinary complications of her physical and mental health." Appellant's Br. at 10. But the record reveals that the trial court had a sufficient basis for extending her probation. Clayburn admitted that she had violated her probation when she tested positive for marijuana and when she failed to comply with the recommended substance abuse treatment. As a result, the trial court extended her probation by six months, which was within its discretion pursuant to Indiana Code Section 35-38-2-3(h)(2). Given the

circumstances, we cannot say that the trial court abused its discretion when it extended the term of Clayburn's probation in CM-5260 by six months.[2]

### *Issue Two: Appropriateness of Sentence in F6-1707*

[10] Clayburn next contends that her sentence in F6-1707 is inappropriate in light of the nature of the offense and her character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[11] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we

---

[2] While Clayburn contends that the extension of her probation is an undue hardship because of her health, we agree with the State that Clayburn has not demonstrated "how an extra six months of probation will affect her physical or mental health, other than positively." Appellee's Br. at 11.

regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). "When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended." *Prater v. State*, 59 N.E.3d 314, 318 (Ind. Ct. App. 2016).

[12] Here, Clayburn pleaded guilty to theft, as a Class A misdemeanor. A person convicted of a Class A misdemeanor may be imprisoned for up to one year. I.C. § 35-50-3-2. However, a court may suspend any part of that sentence. I.C. § 35-50-3-1(a). If a court suspends the sentence for a Class A misdemeanor in whole or in part, the court may place the person on probation for a period of not more than one year. I.C. § 35-50-3-1(b). Accordingly, the trial court sentenced Clayburn to one year, all suspended to probation, in F6-1707.

[13] Clayburn asserts that her sentence is inappropriate in light of the nature of the offense because "Clayburn's step-father and mother did not seek restitution."

Appellant's Br. at 12. She further asserts that her offense "had a minimal impact on the victims of the crime[.]" *Id*. at 13. But Clayburn stole a watch valued at $3,500 and a ring valued at approximately $5,000. Further, Clayburn stole the items from her mother and stepfather. And, during the hearing, she admitted that she had stolen the items so that she could sell them and buy drugs. In light of the fact that Clayburn had stolen over $8,000 worth of jewelry from her own family so that she could get money to buy drugs, we cannot say that her sentence is inappropriate in light of the nature of the offense.

[14] Clayburn further asserts that her sentence is inappropriate in light of her character. She contends that she had a relatively minor criminal history, that she had obtained her GED, that she had maintained a job, and that she has "significant physical and mental health conditions." *Id*. at 12. But Clayburn was only twenty-one years old on the date of the sentencing hearing. And, at that time, she had already been convicted of driving while intoxicated and the instant theft charge. Additionally, Clayburn had violated her probation in CM-5260 when she failed a drug test and failed comply with the recommended substance abuse treatment. Further, the fact that she stole jewelry from her family in order to buy drugs reflects poorly on her character. Based on her criminal history, her probation violation, and the fact that she stole from her family so that she could buy drugs, we cannot say that Clayburn's sentence of one year suspended to probation is inappropriate in light of her character. Accordingly, we affirm her sentence in F6-7107.

[15] Affirmed.

Robb, J., and Altice, J., concur.