

**FILED**

Nov 23 2015, 8:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E. C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ralph Jackson, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff* | November 23, 2015 Court of Appeals Case No. 34A02-1505-CR-453 Appeal from the Howard Superior Court The Honorable William C. Menges, Judge Trial Court Cause No. 34D01-1305-FB-383 |

**Bailey, Judge.**

## Case Summary

[1] Ralph Jackson ("Jackson") challenges his twenty-year sentence imposed upon his plea of guilty to Dealing in a Schedule II Controlled Substance, as a Class B

felony.[1]  He presents the sole, consolidated issue of whether he was properly sentenced.  We reverse and remand with instructions.

## Facts and Procedural History

On March 19, 2014, Jackson pled guilty to Dealing in a Schedule II Controlled Substance.  Pursuant to a plea agreement with the State, Jackson was to participate in the Howard County Drug Court program.  Sentencing was deferred pending completion of the program.  On March 11, 2015, the State filed a notice of intent to terminate Jackson's participation in the drug court program, alleging that Jackson had admitted to smoking a compound called Spice and driving another drug court participant to purchase Spice.

On April 8, 2015, Jackson appeared for sentencing on the Class B felony conviction.  The probation department recommended a sentence of ten years, with at least six years to be executed in the Indiana Department of Correction.  Jackson agreed with the ten-year recommendation but requested a partial suspension.   Jackson received a maximum sentence of twenty years, and this appeal ensued.

## Discussion and Decision

---

[1] Ind. Code § 35-48-4-2.  Indiana's Criminal Code was substantially revised, effective July 1, 2014.  At all times, we refer to the versions of the criminal statutes in effect at the time of Jackson's offense.

[4] Upon conviction of a Class B felony, Jackson was subject to a sentence of between six years and twenty years, with ten years as the advisory sentence. I.C. § 35-50-2-5. In imposing the maximum sentence upon Jackson, the trial court found Jackson's conduct during drug court program participation and his criminal history to be aggravators. No mitigators were found. The trial court advised Jackson that he could seek modification of his sentence upon successful completion of a Therapeutic Community program. On appeal, Jackson contends that the maximum sentence was imposed upon him as punishment for his unsuccessful completion of the drug court program.[2]

[5] Indiana Code Section 35-38-1-78.1(d) provides that a trial court may impose any sentence that is "authorized by statute and permissible under the Constitution of the State of Indiana, regardless of the presence or absence of aggravating circumstances or mitigating circumstances." So long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable inferences to be drawn therefrom. *Id.*

---

[2] Jackson makes the troubling assertion that retaliatory sentencing for failure to successfully complete a drug court program is commonplace. However, the limited record before us contains no evidence of systemic problems of this nature. At this juncture, we have no reason to believe that the instant sentence is anything other than an aberration.

[6]     In order for an appellate court to carry out its function of reviewing the trial court's exercise of sentencing discretion, the appellate court must be advised of the reasons for the imposition of the sentence and this necessarily requires a statement of facts "which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions." *Id.* A trial court can abuse its sentencing discretion by: (1) issuing an inadequate sentencing statement; (2) finding aggravating or mitigating factors that are not supported by the record; (3) omitting factors that are clearly supported by the record and advanced for consideration; or, (4) by finding factors that are improper as a matter of law. *Id.*

[7]     Here, the trial court expressed its reasons for the sentence imposed:

> Mr. Jackson did make great strides in the Drug Court Program. The problem is that while he made strides in accomplishing some things he was forced to undertake and accomplish, he apparently made no progress whatsoever in the matter of criminal thinking, yet he was an active participant in helping other Drug Court participants evade detection for repeated drug use. So we have a situation where his criminal thinking not only harmed him but it directly participated in greater harm to other people. I think that's an aggravating factor. I think his prior criminal history is an aggravating factor. I find no mitigating factors. I think, therefore, that the aggravating factors outweigh the mitigating factors and justify an enhanced sentence.

(Tr. at 13.) As such, the trial court acknowledged Jackson's criminal history – comprised of a felony conviction and two misdemeanor convictions – and otherwise focused exclusively on Jackson's conduct since his admission to the drug court program. However, the trial court was charged with imposing an

initial sentence for the crime to which Jackson pled guilty. The State had alleged that Jackson delivered methadone and he pled guilty to the charge. Purportedly, this involved the sale of ten methadone pills for $81.00.[3] However, the trial court did not issue a sentencing statement that addressed the "facts peculiar to the particular defendant" with respect to the crime for which he was being sentenced. *Anglemyer*, 868 N.E.2d at 490. The sparse sentencing statement does not facilitate an independent review of the nature of the offense and the character of the offender.

[8] The State asserts that the imposition of the maximum sentence here is akin to the imposition of a maximum sanction in probation revocation proceedings, because in each instance a defendant "was given a second chance." (Appellee's Brief at 6.) We disagree. A defendant who receives the conditional liberty of probation does so as part of the sentencing process. Although his conduct on probation is certainly relevant at a subsequent probation violation hearing regarding the possible sanction to be imposed,[4] in that situation a probationer will not have been deprived of a sentencing review of the facts and circumstances peculiar to his initial crime.

[9] Although a sentencing court has options vis-á-vis the execution of a sentence, including such things as community placements, work release, home detention,

---

[3] This information appears in an affidavit of probable cause, but was not specifically stated in the Presentence Investigation Report or established at the sentencing hearing.

[4] I.C. § 35-38-2-3.

drug court participation and the like,[5] the trial court does not have the option of selecting a sentence based solely on the defendant's conduct apart from the circumstances of the crime. Because the trial court did not issue an adequate sentencing statement, it abused its sentencing discretion. *Anglemyer*, 868 N.E.2d at 490.

# Conclusion

We reverse the twenty-year sentence and remand with instructions to the trial court to sentence Jackson for the offense to which he pled guilty, accompanied by a sentencing statement that is adequate to facilitate appellate review.

Reversed and remanded.

Baker, J., and Mathias, J., concur.

---

[5] *See* I.C. § 35-38-2.6-3 providing in pertinent part: "The court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction."