

**FILED**

Aug 31 2016, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel J. Vanderpool
Vanderpool Law Firm, PC
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Prater,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 31, 2016<br><br>Court of Appeals Cause No.<br>85A02-1602-CR-344<br><br>Appeal from the Wabash Superior Court<br><br>The Honorable Christopher M. Goff, Judge<br><br>Trial Court Cause No.<br>85D01-1512-F6-1152 |

**Barnes, Judge.**

## Case Summary

[1] John Prater appeals his sentence for Level 6 felony aiding in dumping controlled substance waste. We affirm in part, reverse in part, and remand.

# Issues

Prater raises two issues, which we restate as:

> I.  whether the trial court abused its discretion when it sentenced him; and

> II.  whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts

On November 17, 2015, Prater was driving his vehicle in Wabash, and Grant Tacker was a passenger. Prater told Tacker to throw a bag that contained controlled substance waste from the manufacture of methamphetamine out the window, and Tacker did so.

On December 15, 2015, the State charged Prater with Level 6 felony aiding in dumping a controlled substance waste and Class B misdemeanor visiting a common nuisance. At his initial hearing on December 17, 2015, Prater pled guilty to Level 6 felony aiding in dumping a controlled substance waste. A sentencing hearing was held on January 14, 2016. The trial court sentenced Prater to one and one-half years in the Department of Correction ("DOC"). Prater now appeals.

# Analysis

## *I. Sentencing*

[5]     Prater argues that the trial court abused its discretion when it sentenced him.[1] Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[6]     Prater argues that the trial court sentenced him in violation of Indiana Code Section 35-38-3-3(d), which provides:

---

[1] Prater also argues that the trial court enhanced his sentence beyond the presumptive sentence based on facts not found by a jury, admitted by the defendant, or stipulated to during sentencing. In 2005, the General Assembly revised our criminal sentencing scheme and eliminated presumptive sentences, which could be enhanced or reduced, in favor of advisory sentences. *See Pedraza v. State*, 887 N.E.2d 77, 79-80 (Ind. 2008). Prater's argument is based on the old sentencing scheme, which is inapplicable here.

After December 31, 2015, a court may not commit a person convicted of a Level 6 felony to the department of correction, unless:

(1) the commitment is due to the person violating a condition of probation, parole, or community corrections by committing a new criminal offense; or

(2) the person is convicted of:

  (A) at least two (2) Level 6 felonies that are ordered to be served consecutively; or

  (B) a Level 6 felony that is enhanced by an additional fixed term under IC 35-50-2-8 through IC 35-50-2-16;

and the person's earliest possible release date is more than three hundred sixty-five (365) days after the date of sentencing.

A person who may not be committed to the department of correction may be placed on probation, committed to the county jail, or placed in community corrections for assignment to an appropriate community corrections program.

[7] Prater committed his offense on November 17, 2015, was convicted on December 17, 2015, and was sentenced on January 14, 2016. The State argues that the statute only applies to persons *convicted* after December 31, 2015. Prater argues that it applies to persons *sentenced* after December 31, 2015.

[8]     When interpreting a statute, the overarching principle is to first decide "whether the legislature has spoken clearly and unambiguously on the point in question." *Sloan v. State*, 947 N.E.2d 917, 922 (Ind. 2011). If a statute is clear and unambiguous, courts do not apply any rules of construction other than giving effect to the plain and ordinary meaning of the language. *Id.* Thus, we will not delve into legislative intent unnecessarily if no ambiguity exists. *Id.*

[9]     The language at issue here is: "After December 31, 2015, a court may not commit a person convicted of a Level 6 felony to the department of correction . . . ." I.C. § 35-38-3-3(d). Although the General Assembly could have said that the statute applies only to persons *convicted* after December 31, 2015, it did not do so. Rather, the statute plainly applies to those *committed* after December 31, 2015. The definitions applicable to Title 35 note that "imprison" means to "commit to the department of correction." I.C. § 35-31.5-2-166(2). Under the plain language of the statute, after December 31, 2015, a trial court is not allowed to sentence a person convicted of a Level 6 felony to the DOC unless certain circumstances are met. The State concedes that those circumstances are not met here. Consequently, because Prater was sentenced after December 31, 2015, the trial court erred by ordering him to serve his sentence in the DOC. We reverse and remand for the trial court to sentence Prater in compliance with Indiana Code Section 35-38-3-3(d).

## II. *Inappropriate Sentence*

[10]     Although we remand for the trial court to revise Prater's sentence in compliance with Indiana Code Section 35-38-3-3, we will address Prater's argument that his

one and one-half year sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[12] Prater correctly argues that the nature of his offense was not egregious. Prater admitted that he told his passenger to throw a small bag of waste out of his vehicle. The bag contained waste from the manufacturing of methamphetamine. However, our review of the character of the offender reveals that thirty-one-year-old Prater has a significant criminal history. As a juvenile, he was adjudicated delinquent for what would have been Class C felony burglary. As an adult, he has convictions for Class C misdemeanor minor in possession of alcohol, Class B felony criminal confinement, Class C felony intimidation, Class B felony dealing in a controlled substance, Class A misdemeanor possession of paraphernalia, and Class A misdemeanor conversion. Shortly before his arrest for the current offense, Prater violated his probation and was ordered to serve 180 days in jail. He has a significant substance abuse problem and admitted to using heroin often, methamphetamine daily, and Xanax daily. He reported that opiates are his drug of choice. Given Prater's criminal history and substance abuse problems, the trial court's imposition of a one and one-half year sentence is not inappropriate.

## Conclusion

[13] Prater's sentence is not inappropriate. However, we reverse the trial court's order that Prater serve his sentence in the DOC, and we remand for the trial court to sentence Prater in compliance with Indiana Code Section 35-38-3-3. We affirm in part, reverse in part, and remand.

[14] Affirmed in part, reversed in part, and remanded.

Vaidik, C.J., and Mathias, J., concur.