## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 7:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Marion County Public Defender
Agency, Appellate Division
Indianapolis, Indiana

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jasper E. Williams, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 30, 2018

Court of Appeals Case No.
49A04-1710-CR-2275

Appeal from the Marion Superior Court

The Honorable Virginia A. Caudill, Judge Pro Tempore

Trial Court Cause No.
49G09-1704-F6-12417

**Mathias, Judge.**

[1] Jasper E. Williams, Jr. ("Williams") appeals his sentence for Level 6 felony harmful performance before a minor and Level 6 felony public indecency. Specifically, Williams argues that the trial court abused its discretion when it sentenced him to the Department of Correction ("DOC").

[2] We reverse and remand.

## Facts and Procedure

[3] On April 2, 2017, Williams exposed and fondled himself in front of two minor girls. He was arrested two days later and charged with four Level 6 felonies. On September 13, Williams pleaded guilty to Level 6 felony harmful performance before a minor and Level 6 felony public indecency. The parties agreed to a sentence of 910 days as part of the plea agreement, but it left where Williams would serve the sentence up to the discretion of the trial court. The plea agreement also called for concurrent sentences, and the State agreed not to file a habitual offender sentencing enhancement. The trial court accepted Williams's plea, determined he had credit for time served, and stated, "So the remainder of the time[,] five hundred and eighty-two (582) days is what's left; is going to be spent in the Department of Correction." Tr. p. 17

[4] Williams now appeals.

## Discussion and Decision

[5] Williams argues that the trial court abused its discretion when it ordered him to serve the remainder of his sentence in the DOC. Sentencing decisions are

generally left to the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). However, a trial court may be found to have abused its discretion in sentencing for: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons provided; (3) entering a sentencing statement that omits reasons that are both clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement in which the reasons provided are improper as a matter of law. *Id.* at 490–91. The reasons or omissions of reasons given by the trial court for a particular sentence are reviewed for an abuse of discretion. *Id.* at 491.

[6]     Williams argues that his sentence violates Indiana Code section 35-38-3-3(d) which provides:

> After December 31, 2015, a court may not commit a person convicted of a Level 6 felony to the department of correction unless:
>
> > (1)     the commitment is due to the revocation of the person's sentence for violating probation, parole, or community corrections and the revocation of the person's sentence is due to a new criminal offense; or
> >
> > (2)     the person:
> >
> > > (A)     is convicted of a Level 6 felony and the sentence for that felony is ordered to be served consecutively to the sentence for another felony;

> (B)    is convicted of a Level 6 felony that is
>        enhanced by an additional fixed term under
>        IC 35-50-2-8 through IC 35-50-2-16; or
>
> (C)    has received an enhanced sentence under IC
>        9-30-15.5-2;
>
> and the person's earliest possible release date is more than
> three hundred sixty-five (365) days after the date of
> sentencing.
>
> A person who may not be committed to the department of
> correction may be placed on probation, committed to the county
> jail, or placed in community corrections for assignment to an
> appropriate community corrections program.

[7]    Here, because Williams's offenses occurred on April 2, 2017, the statute applies. The exception found in subsection (1) does not apply to Williams because he was not sentenced to revocation of probation, parole, or community corrections. Subsection (2)(a) does not apply because by the terms of William's plea agreement, his sentences were to run concurrently. Tr. p. 8; Appellant's App. p. 78. Neither Subsection 2(B) nor 2(C) applies because his sentence was not enhanced under any of the specified provisions, and the State explicitly agreed not to file a habitual offender enhancement as part of Williams's plea agreement. Tr. pp. 9, 16; Appellant's App. p. 75. Therefore, because none of the exceptions found in Indiana Code section 35-38-3-3(d) apply to Williams, the trial court erred by ordering him to serve his sentence in the DOC. *See Prater v. State*, 59 N.E.3d 314, 317–318 (Ind. Ct. App. 2016).

## Conclusion

Because Williams's sentence here was prohibited by Indiana Code section 35-38-3-3(d), we reverse the trial court's order that he serve his sentence in DOC, and we remand for the trial court to sentence Williams in compliance with the statute.[1]

Reversed and remanded.

Riley, J., and May, J., concur.

---

[1] We acknowledge that under Section 35-38-3-3(d) "[a] person who may not be committed to the department of correction may be . . . committed to the county jail." And the State has noted that Williams is "currently serving his sentence in the Marion County Jail." Appellee's Br. at 5. On remand if the trial court chooses to impose a sentence in the Marion County Jail, it has the authority to do so. But it must rectify Williams's erroneous sentence in compliance with Section 35-38-3-3(d).