

FILED

Nov 09 2018, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Ward, Sr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 9, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1589<br><br>Appeal from the Allen Superior Court<br><br>The Honorable John F. Surbeck, Judge<br><br>Trial Court Cause No.<br>02D06-1803-F5-93 |

**Najam, Judge.**

## Statement of the Case

[1]     Anthony Ward, Sr. appeals his sentence following his guilty plea to auto theft, as a Level 5 felony. He raises a single issue for our review, namely, whether the trial court abused its discretion when it sentenced him.

We affirm.

## Facts and Procedural History

On March 20, 2018, Officer A. Maurer with the Fort Wayne Police Department escorted Ward out of a liquor store. Later that day, Ward stole a vehicle from the parking lot of the same liquor store. The owner of the vehicle, Decarla Davis, witnessed Ward enter her vehicle and drive away while she was inside the store. Davis then contacted the police to report that her car had been stolen. Officer Maurer responded to the call. Once he arrived, Davis described Ward to Officer Maurer. And an employee of the liquor store told Officer Maurer that the person who had stolen Davis' vehicle was the same person who Officer Maurer had escorted off of the property earlier in the day.

Soon thereafter, officers located Davis' vehicle in a driveway. The officers saw Ward and ordered him to stop, but he did not. Rather, he entered a residence. Officers then pursued Ward into the residence where they arrested him. The officers were able to recover the keys to Davis' vehicle from inside the residence. Davis, who had arrived at the scene, was able to identify Ward as the man who had stolen her vehicle.

On March 26, the State charged Ward with one count of auto theft, as a Level 5 felony ("Count 1"), and one count of resisting law enforcement, as a Class A misdemeanor ("Count 2"). On May 7, Ward pleaded guilty as charged. The trial court accepted Ward's guilty plea and sentenced him to the advisory sentence of three years executed in the Department of Correction for Count 1

and one year executed for Count 2. Then, based on Ward's "extraordinary criminal history," trial court ordered the sentences to run consecutively, for an aggregate sentence of four years. Tr. Vol. II at 10. This appeal ensued.

## Discussion and Decision

[6] Ward contends that the trial court abused its discretion when it sentenced him on his Level 5 felony conviction because it did not enter a sentencing statement.[1] Indiana Code Section 35-38-1-1.3 (2018) provides: "After a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes *unless the court imposes the advisory sentence for the felony*." (Emphasis added.) Accordingly, under the plain language of the statute, a trial court is not required to issue a sentencing statement where, as here, it imposes the advisory sentence for a felony conviction.

[7] Again, Ward pleaded guilty to auto theft, as a Level 5 felony. The sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years. I.C. § 35-50-2-6(b). The trial court sentenced Ward to the advisory sentence of three years. Because the trial court sentenced Ward to the advisory

---

[1] Ward only challenges whether the trial court erred when it sentenced him on the Level 5 felony because it did not issue a sentencing statement. He does not challenge his sentence for the Class A misdemeanor, and he concedes that the trial court was not required to enter a sentencing statement for that conviction. Further, he does not challenge the trial court's imposition of consecutive sentences.

sentence for his felony conviction, the court was not required to issue a sentencing statement. I.C. § 35-38-1-1.3.

[8] Although Ward acknowledges that the trial court was not required by statute to enter a sentencing statement, he contends that the statute is incompatible with our Supreme Court's holding in *Anglemyer v. State*, 868 N.E.2d 482 (Ind.), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007). In *Anglemyer*, which was decided in 2007, the Indiana Supreme Court held in relevant part that our "trial courts are required to enter sentencing statements whenever imposing [a] sentence for a felony offense." *Id.* at 490.

[9] Our Supreme Court's landmark opinion in *Anglemyer* has greatly facilitated sentencing in our trial courts as well as appellate review of those sentences. However, in 2014, seven years after our Supreme Court decided *Anglemyer*, the Indiana General Assembly amended the statute that requires a trial court to enter a sentencing statement. As we have noted, the statute now expressly provides that a trial court must issue a sentencing statement "unless the court imposes the advisory sentence for the felony." I.C. § 35-38-1-1.3. Thus, insofar as sentencing statements for felony advisory sentences are concerned, the statute enacted by our legislature has superseded *Anglemyer's* sentencing regime.

[10] Still, Ward contends that "*Anglemyer's* requirement of a sentencing statement, and the importance of that statement, remain a cornerstone of Indiana sentencing law even after I.C. § 35-38-1-1.3 was passed by the legislature." Appellant's Br. at 12. Thus, he maintains that, despite the statute, the court

was still required to follow the dictates of *Anglemyer*. To support his contention, Ward relies on *Jackson v. State*, 45 N.E.3d 1249 (Ind. Ct. App. 2015), and *Prater v. State*, 59 N.E.3d 314 (Ind. Ct. App. 2016), which were decided after the Indiana General Assembly amended Indiana Code Section 35-38-1-1.3 and which cite *Anglemyer*.

[11] In *Jackson*, the trial court sentenced Jackson to the maximum sentence for a Class B felony conviction. 45 N.E.3d at 1250. On appeal, this court cited *Anglemyer* and held that the trial court abused its discretion when it sentenced Jackson because it did not issue an adequate sentencing statement. *Id*. at 1251-52. But that case considered whether the trial court had complied with the requirement that it issue an adequate sentencing statement when it sentenced the defendant to the maximum sentence. Accordingly, *Jackson* does not support Ward's contention that a trial court abuses its discretion if it does not enter a sentencing statement when it imposes an advisory sentence.

[12] And in *Prater*, the trial court sentenced Prater to the advisory sentence for a Level 6 felony, which sentence Prater appealed to this court. *Prater*, 59 N.E.3d at 316. On appeal, we cited *Anglemyer* and its rule that a trial court may be found to have abused its discretion in a number of ways, including if it fails to enter a sentencing statement. *Id*. at 317. However, the issue on appeal was not whether the trial court had abused its discretion when it failed to enter a

sentencing statement for Prater's advisory sentence.[2]  Rather, the issue was whether, in light of an amendment to Indiana Code Section 35-38-3-3, the trial court erred when it ordered Prater to serve his term in the Department of Correction.  *Id.*  Thus, Ward's reliance on *Prater* is misplaced.

[13]  Ward further contends that, if Indiana Code Section 35-38-1-1.3 "is construed so as to do away with the sentencing statement requirement in the case of advisory sentences, then it becomes unclear how those sentences are to be reviewed."  Appellant's Br. at 12.  Ward also contends that "[t]he statute effectively treats advisory sentences as *per se* outside the scope of an abuse of discretion review," *id.*, and that "the advisory sentences [would] be *per se* within the trial court's discretion, regardless of the individual factors of the case[.]"  *Id.* at 13.  Ward continues that our "Supreme Court has stated that, while the advisory sentence is the starting point, 'the trial court ultimately imposes a sentence based upon the aggravating and mitigating circumstances it finds.'"  *Id.* at 12 (quoting *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014)).[3]  But we agree with the State that the statute is clear and unambiguous.  The Indiana General Assembly has declared that a trial court is not required to issue a sentencing statement that addresses aggravating and mitigating circumstances when it imposes the advisory sentence for a felony conviction.

---

[2]  Indeed, this Court did not discuss whether the trial court had issued a sentencing statement.

[3]  Our Supreme Court decided *Fuller* on June 2, 2014, which was approximately one month before the amendment to Indiana Code Section 35-38-1-1.3 became effective.

[14] And, contrary to Ward's assertion, a court on appeal can still review an individual's sentence when a trial court does not enter a sentencing statement. Indeed, it is well settled that, "[e]ven where a trial court has not abused its discretion in sentencing, the Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision." *Ecklebarger v. State*, 51 N.E.3d 169, 170 (Ind. 2016). Appellate courts implement that authority through Indiana Appellate Rule 7(B), which provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Thus, while a trial court is not required to enter a sentencing statement when it imposes the advisory sentence for a felony conviction, this court can still review an appellant's sentence on appeal under Indiana Appellate Rule 7(B).

[15] In sum, a trial court is not required to enter a sentencing statement if it imposes the advisory sentence for a felony conviction. *See* I.C. § 35-38-1-1.3. Here, because the trial court sentenced Ward to the advisory sentence of three years for a Level 5 felony, the trial court was not required to enter a sentencing statement. Thus, the trial court did not abuse its discretion when it sentenced Ward, and we affirm Ward's sentence.

[16] Affirmed.


Crone, J., and Pyle, J., concur.