## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2019, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Victor Morales, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 30, 2019 <br><br> Court of Appeals Case No. 19A-CR-1078 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Barbara L. Crawford, Judge <br><br> Trial Court Cause No. 49G01-1410-FA-47700 |

**Pyle, Judge.**

# Statement of the Case

Victor Morales ("Morales"), appeals, following a jury trial, the thirty (30) year advisory sentence imposed by the trial court. Specifically, Morales argues that the trial court abused its discretion when it sentenced him on his Class A felony conviction because it did not enter a sentencing statement. Concluding that the trial court did not abuse its discretion, we affirm the sentence imposed by the trial court.

We affirm.

# Issue

Whether the trial court abused its discretion in sentencing Morales.

# Facts

In 2006, Morales married Yadira Rodriguez-Martinez ("Rodriguez-Martinez"). At the time of their marriage, Rodriguez-Martinez had two children, including J.B. ("J.B."), the victim. Morales and Rodriguez-Martinez were married from 2006 to 2009. Sometime between 2007 and 2008, when J.B. was five-years-old, she was home alone with Morales while her mother was at work. Morales called J.B. into the living room while he was watching television. Morales then removed his pants and instructed J.B. to place her mouth on his penis. J.B. complied and afterwards Morales warned J.B to "not tell [her] mom." (Tr. Vol. 2 at 69).

[4] Thereafter, in March 2014, Indianapolis Metropolitan Police Department Sergeant Gregory Norris ("Sergeant Norris"), received a report that alleged that Morales had molested J.B. sometime between 2007 and 2008, and he conducted an investigation.

[5] In October 2014, the State charged Morales with Class A felony child molesting. After several continuances and cancelled hearings, Morales was tried by a jury in March 2019. Rodriguez-Martinez, J.B., Sergeant Norris, and one of J.B.'s former teachers testified to the facts above. The jury found Morales guilty as charged. The trial court sentenced Morales to an advisory sentence of thirty (30) years executed in the Department of Correction. Morales now appeals.

# Decision

[6] Morales contends that the trial court abused its discretion when it sentenced him on his Class A felony conviction. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that

includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91.

[7] Morales argues that the trial court abused its discretion because it did not enter a sentencing statement. However, INDIANA CODE § 35-38-1-1.3 provides that "[a]fter a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes *unless the court imposes the advisory sentence for the felony*." (emphasis added). Here, Morales was convicted of Class A felony child molesting. The sentencing range for a Class A felony is for a fixed term "between twenty (20) and fifty (50) years, with the advisory sentencing being thirty (30) years." I.C. § 35-50-2-4(a). The trial court sentenced Morales to the advisory sentence of thirty (30) years. Accordingly, because the trial court sentenced Morales to the advisory sentence for his felony conviction, the court was not required to issue a sentencing statement. *See* I.C. § 35-38-1-1.3. Therefore, the trial court did not abuse its discretion when it sentenced Morales, and we affirm the sentence imposed.[1]

---

[1] To the extent that Morales argues that *Anglemyer* controls the issue here, we disagree. *See Ward v. State*, 113 N.E.3d 1242, 1243 (Ind. Ct. App. 2018) (explaining that in 2014, seven years after *Anglemyer*, the General Assembly amended INDIANA CODE § 35-38-1-1.3, the statute that requires a trial court to enter a sentencing statement, and held that "insofar as sentencing statements for felony advisory sentences are concerned, the statute enacted by our legislature has superseded *Anglemyer's* sentencing regime[]").

Affirmed.

May, J., and Crone, J., concur.