## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2020, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert G. Bottorff II
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr,
Attorney General of Indiana

Steven J. Hosler
Lauren A. Jacobsen
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Grady Styles,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 30, 2020

Court of Appeals Case No.
19A-CR-2390

Appeal from the Washington
Circuit Court

The Honorable Larry Medlock,
Judge

Trial Court Cause No.
88C01-1612-F1-636

**Mathias, Judge.**

[1] Grady Styles ("Styles") was convicted in Washington Circuit Court of Level 3 felony child molesting and ordered to serve sixteen years in the Department of

Correction, with twelve years executed and four years suspended to probation. Styles appeals his sentence and raises two issues:

I.  Whether the trial court abused its discretion by issuing an inadequate sentencing statement and by failing to consider certain mitigating circumstances; and

II. Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

Fifty-eight-year-old Styles was five-year-old L.B.'s step-grandfather. Styles was the only father figure in L.B.'s life. In November 2016, L.B. reported that Styles had performed oral sex on her and had made her fondle his penis.

On December 9, 2016, the State charged Styles with Level 1 felony child molesting and Level 4 felony child molesting. The charges provided in relevant part:

Count I

Styles . . . with a child under fourteen (14) years of age, to wit: L.B., age 5, knowingly or intentionally perform or submit to sexual intercourse or other sexual conduct[.]

Count II

Styles . . . with a child under fourteen (14) years of age, to wit: L.B., age 5, knowingly or intentionally perform or submit to fondling or touching, of either the child or the older person, with

the intent to arouse or to satisfy the sexual desires of either the child or the older person[.]

Appellant's App. pp. 12–13. On December 7, 2017, Styles pleaded guilty to Level 3 felony child molesting, a lesser included offense of the Level 1 felony offense charged in Count I. Count II was dismissed.

[5] At the February 22, 2018 sentencing hearing, the trial court considered as aggravating Styles's criminal history, that L.B. was five years old, and that Styles was in a position of care, custody and control over L.B. The trial court considered that Styles lived a law-abiding life for a substantial period of time as mitigating. The trial court also considered that Styles was sincerely remorseful and that he received a significant benefit from his plea agreement. Tr. p. 38. L.B.'s mother submitted a victim impact statement to the trial court and described the trauma L.B. continues to suffer as a result of the molestation. Appellant's Conf. App. pp. 91–94. The court determined that the aggravating circumstances outweighed the mitigating circumstances and ordered Styles to serve sixteen years, with four years suspended, in the Department of Correction.

[6] On August 27, 2019, Styles requested permission to file a belated appeal. The trial court granted his motion on September 9, 2019, and this appeal ensued.

## I. *Abuse of Sentencing Discretion*

[7] Styles argues that the trial court abused its discretion by issuing an inadequate sentencing statement and failing to consider his proffered mitigating

circumstances. In its sentencing order, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). We review the sentence for an abuse of discretion. *Id.* at 490. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id.* A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id.* at 490–91. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id.* at 491.

*A. Sentencing Statement*

[8]     If the trial court finds the existence of aggravating or mitigating circumstances, it must give a "statement of the court's reasons for selecting the sentence that it imposes." Ind. Code § 35-38-1-3. On review, we may examine both the written and oral sentencing statements to discern the findings of the trial court. *See Vaughn v. State*, 13 N.E.3d 873, 890 (Ind. Ct. App. 2014), *trans. denied*.

[9]     Focusing on the trial court's written sentencing statement, Styles argues that it is inadequate because it "provides absolutely no 'facts peculiar to' Styles from

which any independent review of the sentencing decision can be gleaned[.]"[1] Appellant's Br. at 14. To the contrary, the trial court's written sentencing statement lists three aggravating circumstances found by the court and one mitigating circumstance. Appellant's App. p. 100. These circumstances were identified in the court's written statement after a thorough consideration of further circumstances particular to Styles, as evidenced by the court's oral sentencing statement.

[10] At the sentencing hearing, the trial court gave a thorough explanation of why the aggravating and mitigating circumstances supported its decision to impose a sixteen-year sentence with four years suspended. Tr. pp. 37–39. The trial court considered Styles's criminal history, L.B.'s young age, the impact of the molestation on L.B., Styles's position of trust with L.B., Styles's expression of remorse, that he lived a law-abiding life for a substantial period of time, and the testimony of Styles's character witnesses at sentencing. The trial court then determined that the aggravating circumstances outweighed the mitigating circumstances. Tr. pp. 38–39. Accordingly, when the trial court's oral sentencing statement is considered in conjunction with its written sentencing

---

[1] We are not persuaded by Styles's reliance on *Jackson v. State*, 45 N.E.3d 1249 (Ind. Ct. App. 2015). In that case, we held that the trial court did not issue an adequate sentencing statement because it selected a sentence based solely on conduct apart from the circumstances of Jackson's crime. *Id.* at 1252. Jackson entered into a plea agreement, and sentencing was deferred pending his completion of the county Drug Court program. Jackson was terminated from the program after he admitted to smoking spice and driving another program participant to purchase spice. When the trial court sentenced Jackson, it focused on his behavior in the Drug Court program. Because the "trial court was charged with imposing an initial sentence [for the offense to] which Jackson pled guilty," the trial court did not consider the "'facts peculiar to the particular defendant' with respect to the crime for which he was being sentenced." *Id.* at 1251–52.

order, we conclude that the trial court adequately explained its reasons for imposing the sixteen-year sentence in this case.

### B. Mitigating Circumstances

Styles also claims that the trial court abused its discretion by failing to consider the following mitigating circumstances: 1) his expression of remorse, 2) his guilty plea, 3) that the probation department determined that he is low risk to reoffend, and 4) that Styles's elderly mother relies on him as her caretaker and his incarceration will cause her undue hardship. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493.

From the trial court's oral statement at the sentencing hearing, it is clear that the trial court considered Styles's expression of remorse as a mitigating circumstance. The court stated, "I believe you are remorseful. I do. And I believe you are remorseful for the right reasons. Most folks are remorseful because they got caught. But . . . I believe you're sincerely remorseful." Tr. pp. 37–38.

Concerning Styles's guilty plea and acceptance of responsibility, we observe that Styles received a significant benefit from his guilty plea. At sentencing, the trial court noted that had Styles been convicted of the Level 1 felony charged, the advisory sentence would have been thirty years. Tr. p. 37. For this reason, we conclude that the trial court did not abuse its discretion when it failed to find

Styles's guilty plea as a mitigating circumstance. *See Norris v. State*, 113 N.E.3d 1245, 1254 (Ind. Ct. App. 2018) (explaining that a guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea).

[14] Next, Styles claims the trial court should have considered the probation department's determination that Styles was a low risk to reoffend as a mitigating circumstance. But Styles did not ask the trial court to find this mitigator; therefore, the trial court did not abuse its discretion when it failed to consider Styles's risk assessment score as a mitigating circumstance. *See Anglemyer*, 868 N.E.2d at 492; *Koch v. State*, 952 N.E.2d 359, 375 (Ind. Ct. App. 2011), *trans. denied*. Moreover, "the offender risk assessment scores do not in themselves constitute, and cannot serve as, an aggravating or mitigating circumstance." *J.S. v. State*, 928 N.E.2d 576, 578 (Ind. 2010). Our supreme court has explained that scores on a risk assessment instrument "are not intended to serve as aggravating or mitigating circumstances nor to determine the gross length of sentence[.]" *Malenchik v. State*, 928 N.E.2d 564, 575 (Ind. 2010).

[15] Finally, Styles argues that the trial court should have found as mitigating that his elderly mother relies on him as a caretaker and will face undue hardship if Styles is incarcerated. Styles presented evidence that when his mother moved to Indiana from Georgia, she appeared to be infirm. However, his character witness, Leroy Collins, testified that Styles takes good care of his mother and "she gets around by herself now without any problems." Tr. p. 14. There was

no evidence that Styles's incarceration will result in hardship for his mother more than would normally occur when a family member is incarcerated. For these reasons, we conclude that the trial court did not abuse its discretion when it did not find this proposed mitigating circumstance.

[16] For all of these reasons, Styles has not convinced us that the trial court abused its discretion when it sentenced Styles.

## II. *Inappropriate Sentence*

[17] Styles also claims that his sixteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[18] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[19] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[20] A person convicted of a Level 3 felony "shall be imprisoned for a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years." Ind. Code § 35-50-2-5. Styles was ordered to serve sixteen years with twelve years executed and four years suspended.

[21] Because four years of Styles's sixteen-year sentence were suspended, he was not ordered to serve the maximum sentence. "[F]or purposes of Rule 7(B) review, a maximum sentence is not just a sentence of maximum length, but a fully executed sentence of maximum length." *See Jenkins v. State*, 909 N.E.2d 1080, 1085–86 (Ind. Ct. App. 2009), *trans. denied*. To determine whether Styles's sentence is inappropriate, we consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[22] Styles argues that his sentence is inappropriate because he led a law-abiding life for over fifteen years and is therefore not one of the worst offenders. Styles also claims that there are no facts to "suggest" that his offense was one of the most egregious imaginable. *See* Appellant's Br. at 21.

[23] Concerning the character of the offender, first we consider Styles's criminal history. In the 1980s, Styles was convicted of possession of marijuana, battery, and operating while intoxicated endangering a person. In 1999, Styles was convicted of operating while intoxicated and leaving the scene of an accident. While he was on probation for those offenses, he committed criminal recklessness when he fired a shotgun at his neighbor's house. He was convicted of criminal recklessness in 2001. As the trial court noted, Styles lived a law-abiding life for over fifteen years, until he committed the instant offense.

[24] Three individuals testified on Styles's behalf at the sentencing hearing and expressed their opinion that Styles is a caring, hardworking man, who was remorseful for his crimes. The trial court also noted that Styles's expression of remorse was sincere. But these circumstances must be weighed against the fact that Styles was in a position of trust with his five-year-old step-granddaughter. Styles was the only father figure in L.B.'s life and was one of her caretakers. He manipulated L.B. into allowing him to perform oral sex on her. He also persuaded L.B. to fondle his penis. And after Styles's offenses were discovered, L.B.'s mother believed he was attempting to scare and manipulate L.B. because he often drove by L.B.'s bus stop while L.B. was exiting the school bus.

[25] The nature of Styles's offense is heinous. Styles took advantage of the position of trust he held with his five-year-old step-granddaughter to coerce her into submitting to oral sex. Also, L.B. explained to her mother that she fondled Styles's penis because she did not want him to be sad, further establishing that Styles manipulated L.B. and took advantage or her trust in him.

[26] After considering the nature of the offense and his character, we conclude that Styles has not met his burden of persuading us that his sentence is an outlier that warrants revision. Styles's sixteen-year sentence with four years suspended is not inappropriate in light of the nature of the offense and the character of the offender.

# Conclusion

The trial court did not abuse its discretion when it sentenced Styles. And his sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

Riley, J., and Tavitas, J., concur.