## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 28 2020, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alex M. Ooley
Borden, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric W. Guthrie,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 28, 2020

Court of Appeals Case No.
20A-CR-1445

Appeal from the Washington
Superior Court

The Honorable Frank E.
Newkirk, Jr., Judge

Trial Court Cause No.
88D01-1712-F2-854

**Sharpnack, Senior Judge.**

# Statement of the Case

[1] Eric W. Guthrie pleaded guilty to possession of methamphetamine as a Level 4 felony[1] and was sentenced to six years executed in the Indiana Department of Correction (DOC). He appeals his sentence. We affirm.

# Issues

[2] Guthrie presents the following two issues for our review:

1. Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender; and

2. Whether the trial court abused its discretion in sentencing Guthrie to six years executed in the DOC with no time suspended.

# Facts and Procedural History

[3] At approximately 11:00 p.m. on December 10, 2017, Deputy Tory Hildreth with the Washington County Sheriff's Department observed a Ford F150 truck with a broken taillight make a right hand turn without using a turn signal in Salem, Indiana. Deputy Hildreth initiated a traffic stop. Guthrie was identified as the driver of the truck, and Cierra Knieriem was identified as the passenger.

[4] Additional law enforcement officers arrived at the scene to lend assistance, including Washington County Sheriff's Deputy Brad Naugle and Officer Chad

---

[1] Ind. Code § 35-48-4-6.1(c)(2) (2014).

Webb with the Salem City Police Department. Officer Webb saw what he believed to be a drug pipe on the rear passenger side floorboard of the truck. The pipe field tested positive for methamphetamine. Guthrie and his passenger were asked to step out of the truck and were handcuffed. The truck was searched and inventoried. A second pipe and a partially burned marijuana cigarette were discovered in the truck's center console.

[5] Deputy Naugle read Knieriem her *Miranda* rights and then spoke with her. Knieriem stated that she had been to Guthrie's home and had observed a bag containing approximately a quarter ounce of marijuana in Guthrie's bedroom and used needles in a closet. Deputy Naugle then read Guthrie his *Miranda* rights. Guthrie told Deputy Naugle that the only drugs that would be found at his home would be two marijuana cigarettes.

[6] Based on the information obtained during the traffic stop, a search warrant was obtained for Guthrie's residence. A search of the residence was conducted shortly after midnight on December 11, 2017. During the search, the officers collected numerous drug related items, including methamphetamine. Guthrie was arrested and charged with a total of twenty-five drug related offenses.

[7] On January 8, 2020, Guthrie pleaded guilty, pursuant to a plea agreement, to one count of Level 4 felony possession of methamphetamine. In exchange, the State agreed to dismiss the remaining charges. The agreement left sentencing to the discretion of the trial court but capped the executed time at twelve years.

That same day, the trial court accepted Guthrie's guilty plea and entered a judgment of conviction.

[8]     On July 8, 2020, the trial court sentenced Guthrie to six years executed in the DOC with no time suspended.  At sentencing, the trial court provided the following statement:

> So I have a decision here.  And I want to tell you that I have made an evaluation as required by law of the aggravating and mitigating circumstances.  Which I found to be an aggravator, the fact that there is a history of criminal activity.  I also find as mitigators that the defendant did accept guilt for a crime and entered into this open plea.  Also, the fact that his son is without a mother now has been considered as a possible hardship, but I can't really find that it's an undue hardship,[2] but I have listed it under the categories of mitigating factors.  And the reason that I can't find that its [sic] an undue hardship, is the fact that there has not been payment of support and the fact that there are grandparents who are guardians of the child now.  But I have listed it under the mitigating factor section.  So I don't really know whether you would have done well on probation, but I'm not going to put you on probation.  I am simply going to impose the advisory sentence of six years for this.

Tr. Vol. 2, pp. 36-38.  Guthrie now appeals.

---

[2] Guthrie testified that his son's mother is deceased.

# Discussion and Decision

## I. Inappropriate Sentence

[9]   Guthrie argues his six-year sentence is inappropriate in light of the nature of his offense and his character.

> We may review and revise criminal sentences pursuant to the authority derived from Article 7, Section 6 of the Indiana Constitution.  Indiana Appellate Rule 7(B) empowers us to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Because a trial court's judgment "should receive considerable deference[,]" our principal role is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008).  "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).  The defendant bears the burden to persuade this court that his or her sentence is inappropriate, *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006), and we may look to any factors appearing in the record for such a determination. *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011), *trans. denied*.

*Reis v. State*, 88 N.E.3d 1099, 1101-02 (Ind. Ct. App. 2017).  The question under Appellate Rule 7(B) analysis is "not whether another sentence is *more* appropriate" but rather "whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).  Whether a sentence is inappropriate "turns on our sense of the culpability of the defendant, the

severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224.

[10] We begin with the advisory sentence in determining the appropriateness of a sentence. *Childress*, 848 N.E.2d 1073. Since the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence. *Golden v. State*, 862 N.E.2d 1212, 1216 (Ind. Ct. App. 2007), *trans. denied*. The sentencing range for a Level 4 felony is "a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." Ind. Code § 35-50-2-5.5 (2014). Guthrie was sentenced to the advisory sentence for the Level 4 felony.

[11] To determine the nature of the offense, we examine the details and circumstances surrounding the offense. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Here, when officers executed the search of Guthrie's residence, they found evidence of drug use and drug dealing, including drug paraphernalia with drug residue inside, packaging materials, measuring spoons, weight scales, ten cell phones, and firearms. Originally, Guthrie was charged with twenty-five drug related offenses, which included felony and misdemeanor charges for dealing in and possession of methamphetamine, dealing in and possession of heroin, maintaining a common nuisance, and possession of a synthetic or synthetic lookalike drug. Guthrie ultimately pleaded guilty to one count of Level 4 felony possession of

methamphetamine. He maintains that because his offense was a nonviolent offense he should have been sentenced to time served and probation. However, we find that nothing about the nature and circumstances of Guthrie's offense leads us to the conclusion that his six-year sentence is inappropriate.

[12] The character of the offender is found in what we learn of the offender's life and conduct. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Guthrie argues that his sentence is inappropriate as to his character because, among other things, he has had no felony convictions prior to the instant case; he has not been charged with any violent offenses; he was not on probation at the time he committed the instant offense; and he has not been convicted of committing a crime in over ten years.

[13] Guthrie's criminal history includes the following: In 1997, he was charged with public intoxication and minor consumption of alcohol. He was granted a deferral and the charges were eventually dismissed. The following year, he was charged with conspiracy to commit burglary. He entered into and successfully completed a pretrial diversion program for the offense. In July of 2006, he was charged with and pleaded guilty to operating a vehicle with .08 B.A.C. or greater. He was sentenced to sixty days with fifty-eight days suspended and placed on supervised probation for six months. We acknowledge that Guthrie's criminal history is not extensive and resulted in few convictions; however, it still reflects poorly on his character and shows he was not deterred by previous

contacts with the criminal justice system from committing the current offenses. *See Reis*, 88 N.E.3d at 1105 (noting that "[e]ven a minor criminal record reflects poorly on a defendant's character"). Given Guthrie's criminal history – as well as his failure to pay child support, which also reflects poorly on his character – we cannot say that his sentence is inappropriate for his character.

[14] Under these facts and circumstances, we find that both the nature of the offense and Guthrie's character support the six-year sentence imposed by the trial court. Guthrie's sentence is not inappropriate.

## II. Abuse of Discretion at Sentencing

[15] "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Id.* An abuse of discretion occurs "if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (citation omitted).

[16] First, Guthrie argues that the trial court abused its discretion at sentencing by failing to consider probation as a term of his sentence. However, to the contrary, the court did consider placing Guthrie on probation. In its sentencing statement, the trial court specifically noted that it did not know "whether [Guthrie] would have done well on probation" and ultimately determined that

it was "not going to put [Guthrie] on probation." Tr. Vol. 2, p. 38. Furthermore, we remind Guthrie that "consideration and imposition of alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *See Wolf v. State*, 793 N.E.2d 328, 330 (Ind. Ct. App. 2003) (quoting *Million v. State*, 646 N.E.2d 998, 1001-02 (Ind. Ct. App. 1995)). Because the trial court had the discretion to determine that incarceration was more appropriate than probation, its exercise of this discretion was not an abuse of discretion.

[17] Guthrie next argues that the trial court abused its discretion by failing to provide detailed reasons for imposing the fully executed sentence. Guthrie also argues that the trial court's statement that it did not know "if [Guthrie] would do well on probation" "is clearly against the logic and effect of the facts and circumstances before the court" because, according to Guthrie, the presentence investigation report recommended that he be placed on probation, and his prior successful completions of pretrial diversion and a six-month term of probation "show[ed] that he could do well under conditions similar to probation." Reply Br. p. 5.

[18] It is well settled that a trial court may abuse its discretion by failing to enter a sentencing statement at all, by explaining reasons for imposing a sentence not supported by the record, or if "the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration[.]" *Anglemyer*, 868 N.E.2d at 491. However, here, because the trial court sentenced Guthrie to the advisory sentence of six years for the Level 4 felony, the trial court was not

required to enter a sentencing statement. *See Ward v. State*, 113 N.E.3d 1242, 1245 (Ind. Ct. App. 2018) ("[A] trial court is not required to enter a sentencing statement if it imposes the advisory sentence for a felony conviction."); *see also* Ind. Code § 35-38-1-1.3 (2014) ("After a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes unless the court imposes the advisory sentence for the felony."). Though not required to do so, the trial court nevertheless entered a sentencing statement indicating that it considered Guthrie's criminal history as an aggravating factor and considered as mitigating factors Guthrie's guilty plea and Guthrie's argument regarding the undue hardship on his son that imprisonment would cause because Guthrie's son is without a mother. The court also considered probation as an alternative to incarceration. The trial court did not abuse its discretion when it sentenced Guthrie.

# Conclusion

[19] For the reasons stated, we conclude that Guthrie's six-year sentence is not inappropriate in light of the nature of the offense and his character and that the trial court did not abuse its discretion at sentencing.

[20] Affirmed.

Bailey, J., and Altice, J., concur.